**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Patrick Harvey, Individually and             §
On Behalf of All Similarly Situated
Persons,

     Plaintiff,

V.                                           §          CIVIL ACTION NO. 1:24-cv-723
Strategic Retail Partners and
Merchandising Solutions Group, Inc.

     Defendants.                           §          JURY DEMANDED


## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Strategic Retail Partners ("SRP") and Merchandising Solutions Group, Inc, ("MSG") (jointly, "Defendants") have a business plan that includes hiring traveling merchandisers and misclassifying them as independent contractors even though the workers are treated as and have all of the characteristics of employees. SRP uses MSG (and on information and belief other, similar, manpower companies) to hire workers to perform its merchandising services and exerts enough control over the day-to-day job functions of the manpower company workers to make SRP a joint employer with MSG. SRP and MSG break the law in order to avoid paying overtime pay to merchandisers, saving the Defendants money and allowing them to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Patrick Harvey ("Harvey" or "Plaintiff") is one of many merchandisers hired by MSG and other manpower companies and utilized by SRP. Plaintiff brings this lawsuit on his own behalf and on behalf of his former co-workers and workers for other manpower suppliers against

Defendants to recover unpaid overtime that is mandated by the Fair Labor Standards Act ("FLSA").

**Facts Supporting Relief**

**Allegations Related to Plaintiffs' and Their Co-Workers' Claims**

1.      SRP is a company that supplies retail stores around the country with assorted retail items, such as sunglasses, cell phone accessories, gloves, hats, and other apparel, which are located on racks and shelves supplied by SRP.

2.      SRP hires companies like MSG ("manpower providers") to provide workers called "merchandisers" who install, refresh, and replenish these products and racks. These merchandisers usually travel in teams of 4 and service between 20 and 30 stores each week.

3.      When servicing the retail stores for SRP, the merchandisers follow SRP guidelines and requirements for inventorying the merchandise, re-labeling as instructed, installing new items, and replenishing items that have run low.

4.      SRP supplies the merchandisers with a worksheet/spreadsheet that informs them what items each store has, as well as a telephone, hand-held scanner, and printer to print labels for the items being stocked.

5.      MSG and the other manpower providers classify the merchandisers as "independent contractors." They pay each worker on a day rate basis for their work. This payment is determined solely by MSG or other manpower provider and does not vary unless a manpower provider decides to change it. SRP and the manpower providers assign the crews to service specified retail locations and both SRP and the manpower providers supervise, monitor, and direct the workers in the manner and conduct of their work.

6.      SRP provides the tools and supplies to the merchandisers that are required for

their work, and the work is performed at SRP's customers' stores according to SRP's procedures, instructions, and direct supervision. The merchandisers have no ability to increase their profit or loss due to their own efforts. SRP and MSG/other manpower providers totally control the workers' pay and the method of getting paid.

7.     Harvey worked for SRP and MSG as a merchandiser from early March 2022 until May 2022. Harvey had various duties, including but not limited to the following: (1) working in the retail stores of SRP's customers which included retailers such as Circle K, Dunnam's, Pep Boys, Race Trac, Kum & Go, Tractor Supply, and Cefco, (2) inventorying merchandise on racks and shelves, (3) replenishing and/or replacing merchandise according to SRP's instructions, (4) and re-labeling merchandise as instructed.

8.     During the time Harvey worked for SRP and MSG, Harvey regularly worked more than 40 hours per week.

9.     MSG paid Harvey and his co-workers on a day-rate basis, that is, a set amount of pay for a day's work.

10.     Neither SRP nor MSG paid Harvey or his co-workers an overtime premium for any of the hours that they worked over 40 in a workweek.

11.     Harvey worked with numerous other workers employed by SRP and MSG who were paid on an day-rate basis and who were misclassified as independent contractors. These workers were also merchandisers who also regularly worked over 40 hours per week. Defendants also did not pay these workers overtime for hours they worked over 40 per workweek.

**Allegations Regarding FLSA Coverage**

12.     Defendant SRP is a company located in Castle Rock, Colorado that is covered by

and subject to the overtime requirements of the FLSA.

13.     During the 3 years prior to this lawsuit being filed, SRP has been an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, and conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. SRP regularly supplies retailers in many states with merchandise that is manufactured abroad and that is shipped around the country on interstate highways both by its workers and through commercial trucking companies.

14.     During the 3 years prior to this lawsuit being filed, SRP has regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

15.     During the 3 years prior to this lawsuit being filed, SRP has conducted sufficient business to greatly exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

16.     During the 3 years prior to this lawsuit being filed, SRP's employees have used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the United States and which have been shipped between many of the states of the US.

17.     Defendant MSG is a Delaware corporation headquartered in the state of North Carolina and is covered by and subject to the overtime requirements of the FLSA.

18.     During each of the three years prior to this complaint being filed, MSG was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate

highways, and conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. MSG's employees regularly travel to many different states to conduct MSG's business for MSG's customers.

19. During each of the three years prior to this complaint being filed, MSG regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

20. During each of the three years prior to this complaint being filed, MSG conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

21. During each of the three years prior to this complaint being filed, MSG's employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of Texas.

### Plaintiff's Claims

22. Defendants were legally required to pay Plaintiff and his similarly situated merchandiser co-workers ("similarly situated workers") overtime pay for all hours that these individuals worked for SRP and MSG over 40 in any workweek.

23. Harvey worked over 40 hours in most, if not all, workweeks that he worked for Defendants.

24. Similarly situated workers worked over 40 hours in many workweeks that they worked for Defendants.

25. Defendants did not pay Harvey any overtime pay for any of the overtime hours that he worked for Defendants. Similarly, Defendants did not pay the similarly situated workers

any overtime for any of the overtime hours that they worked for Defendants.

26. MSG intentionally misclassified Harvey and his co-workers as independent contractors to avoid paying overtime to those individuals. In addition to wrongfully taking money and benefits from its employees MSG's intentional and knowing actions allowed MSG and SRP to gain an unfair advantage over their competition in the marketplace.

27. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Harvey and similarly situated employees. Such practice was and continues to be, with regard to the similarly situated employees, a clear violation of the FLSA.

28. The work performed by Harvey and his coworkers is done on the premises of SRP's customers.

29. SRP exerted and continues to exert significant control over the work performed by Harvey and his co-workers.

30. SRP dictated and continues to dictate the timeline for the work to be done at its customers' stores and had and continues to have very detailed requirements as to how the work would be performed.

31. SRP dictated and continues to dictate how the merchandising work at its retail customers is done and has employees that inspect the work done by Harvey and his merchandiser coworkers for quality control purposes.

32. SRP has the ability to and does dictate to MSG and its other manpower provider contractors that individual merchandisers who SRP does not want working at its customers' stores be terminated from their employment with MSG or other manpower provider.

33. In addition, SRP has actual knowledge of how MSG and numerous other of its

merchandising contractors pay their personnel. SRP knows that MSG does not pay its merchandisers overtime pay. SRP structures its pricing for the merchandising work based on its knowledge of the illegal way that MSG merchandisers are paid. SRP and MSG are joint employers of Harvey and the other merchandisers that Harvey worked with.

**Cause of Action**

**Violation of the FLSA – Failure to Pay Overtime Wages Owed**

34.     SRP and MSG violated the FLSA by failing to pay Plaintiff and the similarly situated co-worker merchandisers overtime pay for hours worked over 40 per workweek.

35.     Plaintiff and the similarly situated employees have suffered damages as a direct result of Defendants' illegal actions.

36.     MSG is liable to Plaintiff and all similarly situated workers that it hired to work for SRP for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

37.     SRP is also liable for the damages to Plaintiffs and similarly situated employees because it is an "employer" of these individuals under the FLSA.

**Similarly Situated Employees**

38.     Defendants' failure to pay their workers as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the similarly situated employees; that is, paying non-exempt merchandising workers on a day-rate basis without paying them overtime pay when they work more than 40 hours in a workweek. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experience is similarly situated to the other workers who worked for SRP through manpower provider companies, who are all carrying out the same duties and subjected to the same illegal misclassification and illegal

pay practices.

39. The workers who are similarly situated are properly defined as:

**All individuals who are/were employed or engaged by and paid on a day-rate basis by Defendant Merchandising Solutions Group, Inc. and/or any other manpower provider company to perform merchandising work for Strategic Retail Partners in its customers' retail stores during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

40. Defendant Strategic Retail Partners is a business that supplies over 50,000 retailers across the US with merchandise and is an "employer" as defined by the FLSA. With respect to Plaintiffs, SRP is subject to the provisions of the FLSA. SRP may be served through its Chief Executive Officer, Darrin Eisele, or its Chief Financial Officer, David Foster, or its Chief Information officer, Quentin Jaksch, or its Chief Administrative Officer, Chris Rullman, at 85 Rio Grande Dr., Suite 200, Castle Rock, CO 80104-4218, or wherever they may be found.

41. Defendant Merchandising Solutions Group Inc. is a Delaware corporation and an "employer" as defined by the FLSA. Merchandising Solutions Group, Inc. may be served through its registered agent, Karen W. Reeves, 565 Three Oaks Drive, Hays, NC 28635, or wherever she may be found.

42. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

43. Plaintiffs demand a trial by jury.

**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff Patrick Harvey and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all similarly situated persons performing remodeling work who are/were employed or engaged by and paid on a day-rate basis by Merchandising Solutions Inc. or any other manpower provider to provide merchandising services for Strategic Retail Partners at its customers' retail locations during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the similarly situated employees' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF PATRICK HARVEY**